IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELVIRES LUCERO,

      Plaintiff,

v.                                                      CV 09-0394 MCA/GBW

WEXFORD HEALTH SOURCES, INC.,

      Defendants.

## ORDER OF DISMISSAL

**THIS MATTER** comes before the Court *sua sponte* following Plaintiff's failure to participate in this law suit since filing his Complaint on April 24, 2009. Mr. Lucero's Complaint shall be dismissed.

## BACKGROUND

This case was filed on April 24, 2009, against Defendants Don Apodaca, Molly Gollipop, and Wexford Health Sources Incorporated. Plaintiff Lucero is proceeding *in forma pauperis* and *pro se*. *See Doc. 3.* On November 25, 2009, the Court issued an Order requiring Mr. Lucero to advise the Court of the addresses for Defendants Apodaca and Gollipop.[1] *Doc. 12.* Mr. Lucero never responded to that Order. The Court then issued an

---

[1] As a result of Mr. Lucero's *pro se* status, the Court is responsible for issuing and serving all process. The request for addresses was made because service of process had been attempted but not completed for those Defendants.

Order to Show Cause requiring the Plaintiff to inform the Court why his claims against Defendants Apodaca and Gollipop should not be dismissed for failure to prosecute pursuant to FED. R. CIV. P. 41(b).  *Doc. 15 & 16.*  Plaintiff never responded to that Order.  Consequently, on March 31, 2010, I issued an Order dismissing Defendants Apodaca and Gollipop from this case.  *Doc. 17.*

On April 5, 2010, the Magistrate Judge issued an Initial Scheduling Order requiring the parties to meet and confer pursuant to FED. R. CIV. P. 26(f) to formulate a provisional discovery plan.  *Doc. 18.*  The parties were also instructed to prepare a Joint Status Report (JSR) for the Court to be discussed at the telephonic FED. R. CIV. P. 16 Scheduling Conference which was to take place on May 27, 2010.  *Id.*  Plaintiff failed to call in for that hearing.  *See Doc. 22.*  The Magistrate Judge's staff attempted to contact Mr. Lucero, but was unable to reach him at the number on record for him.  *Id.*  As a result, the scheduling conference never took place.  *Id.*  That same day, the Magistrate Judge issued a Show Cause Order requiring Plaintiff to inform the Court why he failed to attend the telephonic scheduling conference, and why his case should not be dismissed for failure to prosecute and failure to comply with orders of this Court pursuant to FED. R. CIV. P. 41(b).  *Id.*  Plaintiff failed to respond within the required time period and has not submitted a response to date.[2]

---

[2] In addition to Plaintiff's failure to comply with court orders, Plaintiff has failed to respond to Defendant Wexford's Motion for Summary Judgment.  *Doc. 11.*

## APPLICATION OF LAW

The Federal Rules of Civil Procedure hold that "failure of the plaintiff to prosecute or to comply with these rules or any order of court" provides a basis for involuntary dismissal. FED. R. CIV. P. 41(b). *See also* FED. R. CIV. P. 37(b)(2) (specifying sanctions, including dismissal, for failure to comply with discovery orders). Additionally, courts have the inherent power to impose a variety of sanctions on litigants in order to, among other things, regulate its docket and promote judicial efficiency. *Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretion of a court is to dismiss an action for want of prosecution. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action . . . because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

Wherefore, **IT IS ORDERED** that Defendant Wexford is dismissed without prejudice and Plaintiff's Complaint is dismissed without prejudice.

_____ 6/29/10
M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE